UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Petitioner,          Case No. 2:06-mc-02

v.          HON. GORDON J. QUIST

RICK J. HERIC, PRESIDENT OF
HERIC, INC.,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a proceeding brought pursuant to 26 U.S.C. § 7602(b) and 7604(a) to enforce an administrative summons issued by the Internal Revenue Service (IRS) on January 20, 2006. The summons relates to the federal income tax liability of Heric, Inc., for the following taxable periods: September 30, 2002, December 31, 2002, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31, 2004, and June 30, 2005. The summons was personally served upon the respondent on January 20, 2006, by Revenue Officer Gregory G. Lazzari. The summons required respondent to appear and testify on February 17, 2006, before Revenue Officer Gregory G. Lazzari, and to produce certain records. Mr. Heric failed to appear as required by the summons.

On July 31, 2006, the undersigned issued an order directing respondent to appear before me on October 6, 2006, at 11:00 a.m., to show cause why he should not be compelled to obey the IRS summons (docket # 4). The Marshal's return of service (docket # 5) shows that respondent was personally served on August 7, 2006. On September 21, 2006, U.S. District Judge Gordon J.

Quist issued an Amended Order to Show Cause (docket #7), requiring the respondent to appear before me on October 23, 2006, at 11:30 a.m.  The Marshal's return of service (docket #8) shows that respondent was personally served on September 25, 2006.

On October 19, 2006, Assistant U.S. Attorney Agnes Kempker-Cloyd requested that the show cause hearing be adjourned at this time.  On November 16, 2006, the show cause hearing was reset to January 9, 2007, at 3:00 p.m.  A copy of the court's notice of hearing was mailed to respondent by the clerk's office, and the Marshal's return of service (docket #11) shows that respondent was personally served with the court's notice of hearing on December 19, 2006.

The order to show cause issued by Judge Quist required that respondent file and serve a written response to the petition setting forth any defenses that he might have.  As of the date of this report and recommendation, respondent has failed to file anything setting forth his defenses.

I conducted a hearing on Judge Quist's order to show cause on January 9, 2007.  I delayed commencement of the hearing for approximately forty minutes, to give respondent an adequate opportunity to appear.  Court was convened at approximately 3:40 p.m., and neither respondent nor anyone on his behalf appeared in response to the order to show cause.  The United States was represented at the summons enforcement hearing by Assistant United States Attorney Paul Lochner, accompanied by Revenue Officer Gregory Lazzari.

The Internal Revenue Code authorizes the Secretary of the Treasury, or his delegate, to issue administrative summonses for the purpose of ascertaining the correctness of any return or determining the liability of any person for any Internal Revenue tax.  26 U.S.C. § 7602.  The IRS is empowered to apply to the district court for an order compelling compliance with administrative summonses.  To be entitled to such an order, the United States has the burden of proving a *prima*

*facie* case in favor of enforcement.  To sustain its burden, the United States must show:  (1) that the summons was issued for a legitimate purpose; (2) that the summoned data may be relevant to that purpose; (3) that the summoned information is not already in the government's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see United States v. Stuart*, 489 U.S. 353, 359 (1989); *see also United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732-33 (6th Cir. 2006); *United States v. Brunet*, 5 F. App'x 445, 446 (6th Cir. 2001); *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996).  The United States may establish its *prima facie* case under the statute by reliance upon the written declaration of the agent seeking enforcement of the summons.  *See United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982); *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980); *see also United States v. Brunet*, 5 F. App'x at 446.  Once the United States has shown a *prima facie* case, it is entitled to an enforcement order, unless the taxpayer can show that the IRS is attempting to abuse the court's process.  *Stuart*, 489 U.S. at 360.  The taxpayer carries the burden of proving an abuse of process.  *Powell*, 379 U.S. at 58; *Wagenknecht v. United States*, 22 F. App'x 482, 483-84 (6th Cir. 2001); *United States v. Smith*, No. 99-3953, 2000 WL 1175543, at * 1 (6th Cir. Aug. 11, 2000); *Kondik*, 81 F.3d at 656.

        The declaration of Revenue Officer Lazzari, filed in support of the petition, establishes each of the elements of a *prima facie* case.  Respondent has submitted nothing to the court to sustain his burden of proving an abuse of the court's process in this case.  The summons should therefore be enforced.

**Recommended Disposition**

I recommend that the petition of the United States to enforce the administrative summons be granted and that the court enter an order directing respondent to comply with the summons by a date certain, under pain of contempt of this court.

Dated:  March 30, 2007                    /s/ Timothy P. Greeley
                                          Timothy P. Greeley
                                          United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).